UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL DARNELL YATES | ) | CASE NO.: 5:19CV2350 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| U.S. PATENT & TRADEMARK OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Samuel Darnell Yates brings this action against the United States Patent & Trademark Office. Doc. 1. Plaintiff moves to proceed with this action *in forma pauperis*, and that motion is granted. Doc. 2.

**I. Introduction**

Plaintiff alleges that when he was in the third grade, he was approached by the U.S. Secret Service as he was preparing his exhibit for the school's science fair. Yates claims that he and the officer spoke privately about the "future of happiness" and Plaintiff redesigning the country for the better. This constitutes the entirety of Plaintiff's claim. In addition to seeking $50 Million Dollars, Plaintiff asks this Court to allow him to proceed in the District of Columbia so that he can construct the "releasing of trouble" from this country and the world, which can be accomplished within the "blink-of-an-eye." Doc. 1 at 5-6.

## II. Law and Analysis

### A. Standard of Review

P*ro se* pleadings are liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in plaintiff's favor, to state a plausible claim for relief. *See Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.") (citations omitted).

### B. Analysis

Plaintiff's claim is difficult to discern and the Court is not required to conjure claims on Plaintiff's behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001), *Roper v. Ford Motor Co.*, No. 1:09-CV-427, 2010 WL 2670827, at *3 (S.D. Ohio Apr. 6, 2010) ("Courts are not required to expend their time when the nature of a *pro se*

plaintiffs' [sic] claim 'defies comprehension.'") (citation omitted). Even with the benefit of liberal construction, the Court is unable to identify any direct or inferential allegations in the Complaint sufficient to support a plausible claim upon which relief may be granted. Accordingly, this action is dismissed pursuant § 1915(e).

### C. Proceeding *in forma pauperis*

Plaintiff is not a stranger to the Northern District of Ohio. Between July and October of 2019, Plaintiff filed five *pro se* lawsuits (including this action): Yates v. City of Barberton (NDOH Case No. 5:19-cv-1504); Yates v. Yates (NDOH Case No. 5:19-cv-1769); Yates v. Trump, (NDOH Case No. 5:19-cv-1802); and Yates v. Averiette-Yates, et al., (NDOH Case No. 5:19-cv-1895). In all these actions Plaintiff sought, and was granted leave, to proceed *in forma pauperis*. All were dismissed pursuant to § 1915(e).

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings adjudicated at the expense of the taxpayer. But proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). *Pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases. *See Bradley v. Wallrad*, No. 1:06VCV246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) ("[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.") (internal quotation marks and citation omitted).

This Court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice and "the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits." *Lawrence v. Bevin*,

No. 1:16CV–P161–GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes the power revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous and meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam) (citing *In re McDonald*).

Plaintiff's repeated filing of meritless lawsuits in the Northern District of Ohio is incompatible with the privilege of proceeding *in forma pauperis*, and this Court concludes that allowing Plaintiff to continue to file cases in the Northern District of Ohio as a pauper does not promote the use of Court resources in the interest of justice. *See Maxberry*, 879 F.2d at 224; *Moore v. Controlled Substances Act,* Nos. 4:06–CV–43, 4:06–CV–45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006).

Accordingly, in the future, Samuel Darnell Yates will no longer be permitted to proceed with civil litigation in the Northern District of Ohio without payment of the full filing fee.

### III. Conclusion

For the foregoing reasons, this action is dismissed pursuant to § 1915(e). Plaintiff's motion to proceed *in forma pauperis* is granted. Doc. 2. If Samuel Darnell Yates desires to pursue future litigation in the Northern District of Ohio, he will be required to pay the full filing fee.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


February 11, 2020 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT